RICHARD SCHELL, Respondent, *v.* JEREMIAH DEVLIN et al., Executors, etc., Appellants.

After the commencement of this action, plaintiff assigned to R. and A. the claim upon which it was brought; thereafter plaintiff was adjudged a bankrupt and an assignee of his property appointed; judgment was subsequently recovered, and after it was perfected, plaintiff died intestate, leaving no property, real or personal. No administrator of his estate has been appointed. Upon notice to defendants' attorneys and to the widow and next of kin of the decedent, a motion was made on behalf of R. and A. that they be substituted as plaintiffs which was granted; defendants appealed. On argument at General Term the respondent produced and filed a stipulation of the assignee in bankruptcy waiving notice of motion and all objection to the order. *Held,* that the order was properly affirmed; that the court had a right to proceed without the appointment of an administrator of the original plaintiff; also that the stipulation was properly received and considered by the General Term.

(Submitted October 5, 1880; decided October 12, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which substituted Thomas A. Rodman and

others, composing the firm of Rodman & Adams, in place of the plaintiff above named herein.

The facts appear sufficiently in the opinion.

*John E. Develin* for appellants. It is only when the order is in favor of and accepted by the appellant, or that by means of it he gains some substantial benefit, that an appeal is waived. (*Benkard* v. *Babcock*, 27 How. Pr. 391; *Wallace* v. *Castle et al.*, 68 N. Y. 375.) The order of the General Term affirming the order of substitution should be reversed, no administrator having been appointed. (*McLoughlin.* v. *The Mayor, etc.*, 8 Weekly Dig. 560.) The assignee's waiver, and certificate not having been in existence at the time of the argument of the motion, does not present a case of omission through inadvertence, but is an attempt to cure on appeal a fatal defect in the motion papers, and should, therefore, have no consideration on this appeal. (*Porter* v. *Waring*, 69 N. Y. 255.) The bankrupt's creditors could compel the assignee to assert and enforce the claim, even although he had refused to be substituted as plaintiff, or had given a stipulation waiving it. (*Hackley* v. *Draper's Executors*, 60 N. Y. 88.) The order of substitution is appealable. It involves a substantial right, and decides an interlocutory application. (Code Civil Pro., § 190, subd. 2; *St. John* v. *Croll*, 10 How. Pr. 253.)

*Francis S. Bangs and Francis Lynde Stetson* for respondents. Record evidence of a fact imperfectly proved at the trial may be exhibited on the argument of the case *in banc*, in opposition to a motion for a new trial. (*Hugh* v. *Wilson*, 2 Johns. 46; *Armstrong* v. *Percy*, 5 Wend. 536; *Williamson* v. *Wood*, 14 id. 127; *Robert* v. *Good*, 36 N. Y. 408; *Jarvis* v. *Sewell*, 40 Barb. 455; *Richie* v. *Putnam*, 13 Wend. 524; *Hart* v. *Coltrain*, 24 id. 15; *Dresser* v. *Brooks*, 3 Barb. 431; *Bk. of Charleston* v. *Emeric*, 2 Sandf. 718; *Rockwell* v. *Merwin*, 45 N. Y. 168; *Catlin* v. *Grissler*, 57 id. 373; *Wines* v. *The Mayor*, 70 id. 614.)

Andrews, J.   The motion for substitution was made upon the affidavit of Thomas H. Rodman, and upon the pleadings, judgment and proceedings in the action, showing that Rodman and Adams, after the commencement of the action, and before the recovery of judgment therein, became the owners of the claim upon which the action was brought by written assignment from the original plaintiff for their own use, and that they have ever since been the absolute owners thereof, and that intermediate the assignment to them and the recovery of the judgment, the original plaintiff was adjudged a bankrupt, and had executed an assignment of his property to an assignee appointed in the proceedings, which assignment still remains in force.   It also appears from the motion papers that the original plaintiff died after judgment was recovered in the action, leaving no issue, but leaving a widow and brothers and sisters, his only next of kin; that no administrator has been appointed of the estate of the decedent, and that he left no property, real or personal.   The motion was made upon notice to the defendants' attorneys, and to the widow and next of kin of the decedent.   The appellants (defendants in the action) appeared and opposed the motion, but no issue was taken upon any of the facts appearing in the motion papers, and the motion was granted.   They appealed from the order of substitution, and at the hearing before the General Term the respondents produced and filed the written stipulation of the assignee in bankruptcy of the original plaintiff, waiving notice of motion and all objections to the order of substitution.   We think the order should be affirmed.   The fact appearing on the motion showed, beyond reasonable doubt, that the personal representatives of Mr. Schell could have no interest in the judgment. If the assignment to the respondent was for any reason invalid or ineffectual, the claim passed to the assignee in bankruptcy. There is no inflexible rule that the court, in a case like this, cannot proceed without the appointment of an administrator of the original plaintiff.   The interest of the appellants in the question is that the person substituted should be the real owner of the claim, or if not, that the real claimant shall be con-

cluded by the order. Assuming that an administrator of the original plaintiff, when he may be appointed, would not be concluded by the notice to the widow and next of kin, or by the order made, the motion papers show that the interest of the original plaintiff was divested before judgment. The claim that the decedent, or his personal representatives, have or may have any interest in the matter, is not supported by any affirmative evidence, but seems to be conclusively negatived by the facts disclosed.

We think that the stipulation of the assignee in bankruptcy was properly received and considered by the General Term. It removed any objection founded upon the fact of want of notice to him of the proceedings, and concluded him from subsequently questioning the validity of the order. The fact that he was not concluded by the order when made did not prevent the General Term from making him a party to the motion, by receiving and filing the stipulation. · The question is one of practice, and we think the defendants cannot object, because the court, for greater security and by way of precaution by this proceeding, removed one of the objections made to the order.

The order should be affirmed.

All concur.

Order affirmed.