EDMUND F. BENNETT, Plaintiff (CLARA F. BENNETT, Respondent),
*v.* JOHN I. THOMPSON and Others, Appellants.

76   125
143a  624|

*Assignment of a cause of action — death of the plaintiff assignor — right of the
assignee to substitution.*

The plaintiff, in an action brought to recover from a sheriff the value of goods
alleged to have been converted under an execution and in which the sheriff's
indemnitors had been substituted as defendants, having died after issue joined
and before trial, the assignee of the cause of action, under an assignment
executed by the plaintiff about a week before his death, noticed for hearing at
Special Term, a year and four months after the plaintiff's death, a motion to
be substituted as plaintiff and to have the action revived and continued. It
appeared that the original plaintiff died intestate, and that no administrator of
his estate had been appointed. The motion was granted.

*Held,* that the court had power to grant the motion ;

That in the absence of a denial of the assignment by the defendant, there was no
necessity of giving any notice of the motion to the personal representatives of
the deceased plaintiff;

That the objection to the motion on account of *laches* was properly overruled.

APPEAL by the defendants, John I. Thompson and others, from
an order of the Supreme Court, made at Special Term and entered
in the office of the clerk of Rensselaer county on the 1st day of
December, 1893, granting the application of Clara F. Bennett, as
assignee of the plaintiff, to revive the above-entitled action and to be
substituted as plaintiff therein in the place and stead of Edmund
F. Bennett, deceased.

The action was begun by the service of the summons and com-
plaint on Shepard Tappen, as sheriff of Rensselaer county, the orig-
inal defendant herein, April 11, 1890. On September 30, 1890, an
order was made, on the application of said Tappen as sheriff, sub-
stituting the present defendants, as indemnitors of the said sheriff,
in the place and stead of the said Tappen as defendant herein.

Plaintiff's amended complaint was served April 9, 1891, and
defendants' answer thereto was served May 19, 1891. On Novem-
ber 2, 1891, a stipulation was made referring the issues herein to a
referee to hear and determine.

Edmund F. Bennett, the plaintiff, died on March 23, 1892.
Clara F. Bennett, on July 14, 1893, served a notice of motion,
returnable at Special Term on July 25, 1893, praying for a revival

of this action and for the substitution of herself as plaintiff. The motion was from time to time postponed until November 28, 1893.

No proof of the service of said notice of motion upon the personal representatives of the said Edmund F. Bennett, deceased, was produced upon the hearing of the said motion, but it was shown that notice had been served on his widow and son, named in the moving affidavit, which was as follows:

"Clara F. Bennett, of Troy, N. Y., being duly sworn, says that the above-entitled action was brought by this plaintiff to recover of the sheriff of Rensselaer county the value of certain goods, wares and merchandise alleged, in plaintiff's complaint, to have belonged to this plaintiff, and to have been converted by said sheriff to his own use, as more fully appears in the complaint herein; that subsequently, in accordance with the law in such cases made and provided, the said sheriff had these defendants substituted as defendants in his place and stead, and said defendants duly answered and said cause was duly noticed for trial by both parties and placed upon the calendar for trial; that subsequently said action was by a stipulation of parties referred to W. W. Morrill, Esq., as referee, to hear and determine the same.

"That subsequently thereto and before trial was had, to wit, on or about the 16th day of March, 1892, by an instrument in writing, this plaintiff, Edmund F. Bennett, sold, assigned, transferred and set over to Clara F. Bennett all his right, title and interest in and to this cause of action and all moneys due or to become due him thereunder.

"That subsequently thereto and on or about March 23d, 1892, said plaintiff, Edmund F. Bennett, died intestate, leaving him surviving him his widow, Flora A. Bennett, and his son, Charles E. Bennett, his only heirs at law and next of kin, and that no administrator of his estate has been appointed nor letters of administration applied for.

"And deponent further says that she is the absolute owner of said cause of action, and that no other person or persons has or have any interest therein.

"And deponent further says, that since she became the owner thereof, she has, through her attorney, George R. Donnan, repeatedly informed defendants' attorneys of such fact, and has asked them to

stipulate that she might enter an order continuing said suit in her name as plaintiff, that said suit might be brought to a speedy trial, but that defendants by their said attorneys declined so to do."

The assignment was as follows:

"SUPREME COURT — RENSSELAER COUNTY.

"EDMUND F. BENNETT *agst.* JOHN I. THOMPSON, WILLIAM A. THOMPSON and JAMES F. COWEE.

" This indenture witnesseth that in consideration of thrée hundred dollars heretofore paid me by Clara F. Bennett, the receipt whereof is hereby acknowledged, I hereby sell, assign, transfer and set over to Clara F. Bennett the foregoing cause of action, and all my right, title and interest in and to the same and all moneys due or to grow due me thereunder, with full power to her, to the said Clara F. Bennett, to prosecute said suit in the same manner as I might do were these presents not made.

" Signed and sealed, March 16th, 1892.

"EDMUND F. BENNETT.   [L. S.] "

*Henry J. Speck,* for the appellants.

*George R. Donnan,* for the respondent.

PER CURIAM:

We think that the court below had power to grant the motion. Its authority to do so seems unquestionable since the decision of the Court of Appeals in *Schell* v. *Devlin et al.* (82 N. Y. 333). In that case the motion was not granted, as counsel for appellants suggests, under the provisions of section 1298 of the Civil Code, no appeal having been taken, and the authority seems directly in point.

It is difficult to see what interest the personal representatives of the deceased plaintiff had in the motion. The assignment by plaintiff previous to his death to the moving party was clearly proved and was not denied by appellant. In the absence of a denial of the assignment there was no necessity of giving any notice to the personal representatives of the deceased plaintiff. As Judge ANDREWS remarks in *Schell* v. *Devlin et al.* (*supra*): " The interests of the appellants in the question is that the person substituted shall be the real owner of the claim, or if not, that the real claimant shall be concluded by the order."

The court below, in its discretion, overruled the objection of defendants to the motion on account of *laches*, and we see no reason to overrule its rulings in that regard. The plaintiff died a few days after the assignment, and defendants did not satisfactorily show any injury to them resulting from the delay.

The order should be affirmed, with costs and disbursements.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Order affirmed, with ten dollars costs and printing and other disbursements.