CAMPBELL v. FRIEDLANDER et al.

(Supreme Court, Appellate Division, Second Department.   May 1, 1900.)

APPEAL—PARTIES—SUBSTITUTION—MOTION TO DISMISS.

> Code Civ. Proc. § 1298, provides that when a party to an appeal dies before it is heard, and an order substituting another person in his place is not made within three months after his death, on the hearing of an order to show cause why the judgment should not be reversed or the appeal dismissed, made on the person interested in decedent's estate, the judgment might be reversed or the appeal dismissed.   Section 1299 requires an application by the assignee of a judgment to be substituted as a party to an appeal to be made to the appellate court.   When an order to show cause why a judgment should not be reversed was made, the widow of decedent appeared, and claimed title to a judgment of the special term of the supreme court in decedent's favor, under an assignment from him.   *Held*, that the judgment would be reversed if the widow was not substituted as a party in place of her husband, by the special term, within 30 days, as the special term and the appellate divisions were but branches of one court, and such an order should be made by the former.

Action by Samuel I. Campbell against Albert Friedlander and another.   Motion in appellate division to show cause why a judgment in favor of plaintiff should not be reversed, and his appeal dismissed, for failure to substitute proper parties after his death.   Motion granted unless proper party is substituted within 30 days.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Edmond E. Wise, for the motion.
Charles S. Simpkins, opposed.

WILLARD BARTLETT, J.   The defendants appeal from a judgment in favor of the plaintiff for the sum of $2,124.47, entered on the 8th day of December, 1897.   The plaintiff also appealed from certain specified parts of such judgment.   On April 10, 1899, while these appeals were pending in this court, the plaintiff died.   More than three months elapsed without the substitution of another person in his place as plaintiff; and thereupon the defendants applied to this court, and obtained from it an order in the form prescribed by section 1298 of the Code of Civil Procedure, requiring all persons interested in the decedent's estate to show cause why the judgment from which the defendants appealed should not be reversed, and why the cross appeal of the plaintiff should not be dismissed, and why the defendants should not have such other and further relief as the court might deem proper.   This order has been duly served upon Genie H. Campbell, the widow of the plaintiff, and his three minor children.   Upon the return day, Mr. Charles S. Simpkins appeared, in their behalf, and presented an affidavit from the widow alleging that before the death of her husband, the plaintiff above named, he sold, transferred, and assigned to her the claim set forth in the complaint in this action, and the judgment herein, of which she is now the owner and holder.   The affidavit also states that no letters of administration have been applied for or issued upon the estate of the plaintiff, because he left no estate at the time of his death.   For these reasons the court is asked

to deny the motion arising upon the order to show cause, and compel the defendants to proceed with the appeal. This cannot be done, in the present condition of the action. The person who appears upon the record as the plaintiff has died, and no argument of the appeal can be had without the substitution of some one in his place. Section 1297 of the Code of Civil Procedure provides that, where the adverse party has died since the making of an order or the rendering of a judgment appealed from, the appeal cannot be heard until the heir, devisee, executor, or administrator, as the case requires, has been substituted as the respondent. If the judgment belonged to the original plaintiff at the time of his death, his administrator must be substituted, and the persons interested in his estate must procure the proper order for this purpose. If, on the other hand, it be true, as alleged in the affidavit of his widow, that the judgment was assigned to her by the plaintiff during his lifetime, she should procure an order substituting her as the plaintiff, upon proof of the fact of such assignment. The application for such order substituting the administrator or the assignee of the judgment, as the facts may warrant, should be made to the special term of the supreme court. The judgment to be reviewed in this case was rendered in the supreme court upon the report of a referee. Where the appeal is from one court to another, the application is required by section 1299 of the Code to be made to the appellate court. Within the meaning of this section, however, we think that an appeal to the appellate division from a judgment rendered by the supreme court is to be deemed an appeal from one branch to another branch of the same court. It is much more convenient that motions of this kind shall be heard in the tribunal of first instance, so far as possible, and the language of the section seems to contemplate this distinction; assuming, as it does, that there are appeals which are not "from one court to another." As was said by Mr. Justice Follett in Barkley v. Railroad Co., 42 App. Div. 597, 59 N. Y. Supp. 742:

"Although the appellate divisions have jurisdiction to hear motions in the first instance, they are not required to, and will not, except in cases where some exigency seems to require that they shall do so, in the interest of justice."

It is proper to make a suggestion as to the notice which may be requisite in order to procure the necessary substitution. If the claim had been assigned to the widow before judgment, it would probably suffice for her to give notice of her application for substitution to the next of kin of the decedent, under the authority of Schell v. Devlin, 82 N. Y. 333. Inasmuch, however, as the interest of the original plaintiff was not devested before judgment, it may be doubted whether the widow can now establish her right to be substituted, by virtue of the alleged assignment from her husband, without giving notice of the application to an administrator of her husband's estate when one shall have been appointed. This question, however, is one to be determined at the special term. It is plain that, before we can hear the appeals herein, there must be a substitution, either of the administrator of the original plaintiff, or of the widow, as assignee, if she establishes her title to the judgment as such.

The proper order in the premises is a direction that the judgment in favor of the plaintiff be reversed, and the cross appeal in his behalf be dismissed, with costs, unless within 30 days the proper person has been substituted as plaintiff. All concur.

---

(50 App. Div. 585.)

### STOOTHOFF v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

OPINION EVIDENCE—EXPERTS.

Where physicians examined as experts for plaintiff in an action for personal injuries had testified that he was suffering from a sprain or wrench of the back, it was prejudicial error to permit them to testify that, in their opinion, the injury was very serious.

Appeal from trial term, Kings county.