# COURT OF APPEALS,
## October 29, 1915.

## THE PEOPLE v. WILLIAM FLACK.

### (216 N. Y. 123.)

MURDER—EVIDENCE UPON A TRIAL FOR MURDER REVIEWED AND HELD SUFFI-
CIENT TO SUSTAIN JUDGMENT OF CONVICTION—APPEAL—STENOGRAPHIC
MINUTES OF TESTIMONY TAKEN AT TRIAL SUBSEQUENT TO TRIAL OF
DEFENDANT CANNOT BE RECEIVED BY APPELLATE COURT EVEN TO SUSTAIN
A JUDGMENT.

The record upon the trial of a defendant charged with the crime of
murder in the first degree examined and held, that the evidence not
only justified but required the submission of the case to the jury and
that the verdict convicting the defendant is amply sustained by such
evidence.

(2.) SAME.

While record evidence debars the record of a case under review by
an appellate court may sometimes be received for the purpose of sus-
taining a judgment, it is never allowed for the purpose of reversing a
judgment. It is received by the Appellate Court for the reason that;
being in its nature incontrovertible, it would be idle to send the case
back for the sole purpose of admitting it. But an Appellate Court,
even in order to sustain a judgment, cannot receive and consider the
Stenographic minutes of the testimony of a party given upon a trial
subsequent to the trial under review. (Stemmler v. Mayor, etc of
New York, 179 N. Y. 473; People v. Seidenshner, 210 N. Y. 341, dis-
tinguished.)

APPEAL from a judgment of the Court of General sessions of
the Peace in the county of New York rendered March 15, 1915,
upon a verdict convicting the defendant of the crime of murder
in the first degree.

The facts, so far as material, are stated in the opinion.

*C. F. Kinsley* and *Winter Russell* for Appellant.

The People failed to establish defendant's guilt beyond a reasonable doubt. (People v. Corey, 157 N. Y. 332; People v. Bennett, 49 N. Y. 137; People v. Owens, 148 N. Y. 648; People v. Dohring, 59 N. Y. 378; Buel v. People, 78 N. Y. 495.) When the judgment is of death the Court of Appeals may order a new trial, if it be satisfied that the verdict was against the weight of evidence or against law, or that justice requires a new trial, whether any exceptions shall have been taken or not in the court below. (Code Crim. Pro. § 528; People v. Ferrara, 199 N. Y. 414; People v. Poulin, 207 N. Y. 73; People v. Ledwon, 153 N. Y. 22.) The court erred in failing to instruct the jury to take into consideration Louisa Macaluso's confession of guilt and general character, when estimating the value they should give to her testimony. (People v. Ferrara, 199 N. Y. 429; People v. Becker, 210 N. Y. 289; Buel v. People, 78 N. Y. 502; People v. Spohr, 206 N. Y. 516.)

*Charles A. Perkins, District Attorney (Robert C. Taylor of counsel), for respondent.*

The questions involved are purely questions of fact. There is adequate and competent evidence to sustain the verdict. Where the circumstances are such the Court of Appeals has consistently refused to upset verdicts upon the facts, but has held that the responsibilty is that of the jurors. (People v. Sliney, 137 N. Y. 570; People v. Sanducci, 195 N. Y. 361; People v. Becker, 215 N. Y. 126.)

WILLARD BARTLETT, Ch. J.:

Some time between the 8th and 10th days of April, 1914, one Guiseppe Marino was shot to death in a room on the top floor of the house No. 634 East Thirteenth street in the city of New York. The defendant has been convicted of the premeditated and deliberate murder of this man upon evidence which not only justified, but required the submission of the case

to the jury, and which is amply sufficient to sustain their verdict. The case for the People consisted largely of confessions by the defendant and corroborative evidence given by Louisa Macaluso in whose room Marino was killed. The defendant, who testified in his own behalf, repudiated these confessions and his testimony tended to show that they were not voluntary but were made under compulsion exercised upon him by police officers shortly after his arrest. The defense also relied upon the fact that Louisa Macaluso had at one time confessed that she was really the perpetrator of the crime, as requiring the jury to reject wholly her testimony against the defendant given upon the present trial. Upon all the proof, however, there was a clear issue of fact presented for the consideration and determination of the jury. As was said in People v. Poulin (207 N. Y. 73, 78), the case " resolved itself into a question of credibility, and there is nothing in the record to indicate that the jury passed upon that question incorrectly."

This appeal presents only another example of the numerous class of homicide cases with which the Court of Appeals cannot interfere without usurping the province of the jury. In such cases, where no serious question of law is involved, it has been our custom of late years to pass upon the appeal without writing an opinion which would only serve by a discussion of the facts to perpetuate in detail the narrative of a tragedy. In the brief filed in behalf of the appellant there is no suggestion of any error of law except in the final point where it is contended that the court erred in failing to instruct the jury to take into consideration Louisa Macaluso's confession of guilt and general character when estimating the value they should give to her testimony. No exception was taken to the charge in this or any other respect; and every request for instructions made by counsel for the defendant was complied with by the learned trial judge. He referred to Louisa Macaluso's confession and to the fact that shortly after the crime she fled in disguise as tending

to support her statement to the effect that she was the real criminal. In the absence of any request for further instructions on this subject it is impossible to hold that any legal error was committed because the judge did not amplify his charge in this respect.

Under the circumstances which have been stated there would be no occasion for writing an opinion in the present case were it not for a request made by the learned assistant district attorney both in his oral argument and in his brief. He has asked the court in determining the appeal to consider matters outside the record which happened after the conviction. After the defendant was convicted section 2011 of the Code of Criminal Procedure was amended so as to allow a prisoner under sentence of death to be brought to court to testify as a witness. (Laws of 1915, chap. 354.) This amendment took effect on April 23, 1915. It appears from the statements in the brief for the People that one Angelo Leggio had been indicted for murder in the first degree as the person who instigated the murder of Marino and he was brought to trial on May 17, 1915, in the Court of General Sessions. The defendant in the present case was taken to New York city from the state prison to testify upon the trial of Leggio as a witness for the People; and we are asked to consider the stenographic minutes of the testimony which he then gave as containing an admission under oath that he fired the shot which killed Marino. " These matters," says the learned assistant district attorney " are embodied in unimpeachable documentary record form. It seems to be well settled that evidence of this sort although *dehors* the record may be received upon appeal for the purpose of sustaining a judgment." As authorities sustaining this proposition we are referred to Stemmler v. Mayor, etc., of New York (179 N. Y. 473) and People v. Seidenshner (210 N. Y. 341).

Under the rule thus invoked we know of no case which goes so far as to hold that an appellate court, even in order to sus-

tain a judgment, may consider the stenographic minutes of the testimony of a party given upon a trial subsequent to the trial under review.

A review of the cases in this court in which the consideration of evidence *dehors* the record has been sanctioned will show that the practice has generally been confined to record evidence in the strict sense of that term. We will notice these cases in the order in which they arose. In Robert v. Good (36 N. Y. 408) the defendant appellant sought to avail himself of a defect in the evidence consequent upon lack of proof that a judgment of the Marine Court of the city of New York had been affirmed by the General Term of the Court of Common Pleas; and it was held that this defect could be supplied by submitting a duly certified copy of the order of affirmance to the appellate court. This was said to be merely a defect of documentary evidence which it was entirely competent and allowable to supply at the hearing of the appeal. In Rockwell v. Merwin (45 N. Y. 166), which was an action by a receiver, it was essential to the maintenance of the judgment in favor of the receiver that the order appointing him should have been filed and recorded in the office of the clerk of the city and county of New York, and it was held that this might be shown by the production of the order on the argument at General Term. The next case in order is Catlin v. Grissler (57 N. Y. 363) which was heard before the Commission of Appeals and in regard to which Chief Commissioner LOTT said: "This is a case *sui generis*, and the practice therein cannot be recommended as a precedent." It was an action to foreclose a mortgage and it was assumed by all parties and by the courts below that the mortgaged premises were held as leasehold interests only. Inasmuch as the pleading showed that leases were included in the mortgage it was held that such leases or the record of them could properly be read and considered upon the appeal although not read in the court below. The case of Wines v. Mayor, etc., of New York (70 N. Y. 613)

was an action to recover a balance alleged to be due to the plaintiff upon his salary as attendant in the Marine Court in the city of New York. Upon the trial the plaintiff's appointment was assumed and no formal proof thereof was made although it had been put in issue by the answer. Upon the argument of the appeal formal record proof of a regular appointment was presented to the General Term and this court held that the fact having·been assumed on the trial might be assumed at all future stages of the case and that for the purposes of upholding the judgment such proof could be given on the argument of the appeal. In Schell v. Devlin (82 N. Y. 333), which was an appeal from an order affirming an order substituting one firm of attorneys for another, the respondents produced before the General Term, and were allowed to file, a written stipulation of the assignee in bankruptcy of the original plaintiff waiving notice of motion and all objections to the order of substitution. This court held that the stipulation was properly received and considered by the General Term, the question being one of practice and the defendants not being entitled to object because the court for greater security and by way of precaution removed one of the objections made to the order. The case of Dunford v. Weaver (84 N. Y. 445, 451) was an action against a sheriff for an escape. One of the questions was whether the summons was served at the office of the defendant as sheriff. Under the Revised Statutes it was the duty of the sheriff to keep an office in the town or village in which the county courts were held and to notify the public of the place by filing notice in the county clerk's office. It was proved upon the trial that the defendant kept an office, had complied with the requirements of the statute, but omitted to prove on the trial that he had filed the notice. This court, after holding that the filing of the notice was not needed or required to make the room the office of the sheriff, added that " the bringing of the notice to the General Term cured the omission at the trial, if there was one. To sus-

tain a judgment, an omission in proof may be supplied on appeal, if matter of record will do it that cannot be answered or changed." Matter of Application of Cooper (93 N. Y. 507) was a proceeding to acquire land for the establishment of a public market in the city of New York. The petition for the appointment of commissioners appears to have been omitted from the record although it did not disclose any opposition by the appellant, and upon the argument in this court it was stated by respondent's counsel and not denied by counsel for the appellant that he had really joined in the application. A certified copy of the petition was submitted to this court and it was held that it might properly be considered. In Dunham v. Townshend (118 N. Y. 281, 286), which was an action in ejectment, objection was made to a sheriff's deed because the judgment on which the execution was issued had not been produced and read in evidence. On the argument in the Court of Appeals the plaintiff, who had been successful below, produced a certified copy of the judgment roll, and it was held that it could properly be received, the court saying: "While the production of record evidence is never allowed in an appellate court for the purpose of reversing a judgment it is sometimes permitted for the purpose of sustaining a judgment. This has frequently been decided in respect to records of judgments, exemplification of bankrupt discharges, certificates of naturalization, etc. Evidence of this character is received by the appellate court for the reason that, being in its nature incontrovertible, it would be idle to send the case back for a new trial for the sole purpose of admitting it." Finally, we have the case of Stemmler v. Mayor, etc., of New York (179 N. Y. 473), which was an action under a special statute to recover unpaid salary claimed to be due to the plaintiff's intestate as a justice of the District Court of the city of New York. The action had been tried twice. Upon the first trial an admission was made that during the time the office was held by a person other than the plaintiff's testator that

person performed the duties and received the salary thereof. This admission was not expressly limited to the first trial; and it was held that it remained binding upon the parties during the entire litigation and being evidence of the fact that the salary was paid as stated therein it might be read from the record of the first trial upon an appeal to the Court of Appeals from a judgment rendered in the second trial and in support of such judgment.

The Stemmler case is probably as liberal an extension of the rule under consideration as can be found in the books, and yet even there the evidence which it was held might be considered possessed the incontrovertible character which has frequently been regarded as essential to render it receivable by the appellate tribunal in the first instance. In brief, it should be something which cannot be changed and the credibility of which is not open to attack. Such is not the character of the evidence which we are asked to consider by the learned assistant district attorney. That is simply the written report of testimony given by the defendant upon a trial which took place more than two months after the trial here under review. The transcript of the stenographer's minutes possesses none of the characteristics of a record in the sense in which that term is used in the cases which have been reviewed. The defendant concededly has made several different statements in regard to the commission of the crime of which he has been convicted; *non constat* that he might not if called upon to testify again contradict and deny all that he said upon the trial of Angelo Leggio. Being thus susceptible of variance it does not possess the absolute character essential to evidence receivable in the first instance upon appeal.

For these reasons we have not taken it into consideration. We have discussed the matter, however, at some length because it is assumed in the brief for the People that the admissibility of such evidence was sanctioned by the language used by Judge CHASE in People v. Seidenshner (*supra*). In the case cited the

appellant's brief contained abundant quotations from the stenographic minutes taken in the case of People v. Becker and sought to show inconsistencies between the testimony given by the same witnesses on the two trials. This court refused to consider their former testimony thus brought to its attention, saying: " The record cannot now be changed, nor can testimony be read into it from another trial, even if the record in such other trial is on file as a part of the records of this court. (Citing cases.) The record of testimony in the Becker case is not record evidence within the rule that record evidence not in the return may sometimes be read by the court on review, and, moreover, such rule is only applied in support of a decision, and never to secure a reversal." (p. 358.)

The judgment of conviction must be affirmed.

CHASE, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment of conviction affirmed.