ALEXANDER SCHWARTZ, Plaintiff, *v.* JAMES SEAMON, as President of the Hotel Service Employees Union, Local 32A of the Building Service Employees Union, Affiliated with the American Federation of Labor, Defendant.

In the Matter of the Application of PETER BYRNE, Petitioner, as President of Hotel Service Employees Union, Local 32A of Building Service Employees Union, to Have Himself Substituted as Defendant in the Place and Stead of JAMES SEAMON.

Supreme Court, Special Term, New York County, March 2, 1942.

*I. Gainsburg* [*Emanuel Baetich* of counsel], for the plaintiff.

*Boudin, Cohn & Glickstein* [*Louis B. Boudin* of counsel], for the defendant and the petitioner.

EDER, J.   This is a motion by one Peter Byrne to have himself substituted as president of Hotel Service Employees Union, Local 32A of Building Service Employees Union, in the place and stead of James Seamon, who it is alleged was removed as president, and that the petitioner Byrne was elected to said office.   The action was brought by plaintiff against Seamon, as president of said union.   A judgment was recovered by plaintiff and an appeal taken therefrom and appeals from certain intermediary orders are now pending before the Appellate Division and undetermined.

In making the application the petitioner relies on section 14 of the General Associations Law, entitled, " When action not to abate," and reads as follows: " The death or legal incapacity of a member of the association does not affect an action or special proceeding, brought as prescribed in the last two sections.   If the officer, by or against whom it is brought, dies, is removed, resigns, or becomes otherwise incapacitated, *during the pendency thereof*, the court must make an order, directing it to be continued by or against his successor in office, or any other officer, by or against whom it might have been originally commenced."   (Italics mine.)

The plaintiff argues in opposition that there is no pending action, as the suit has terminated with the entry of final judgment in plaintiff's favor.   The defendant replies with the assertion that the failure to substitute another party defendant in place of Seamon after his removal from office left the action in a state of suspended animation, so to speak, or as movant states it, " this action has been in abeyance;" hence it is still pending, regardless of what has transpired, and that under section 14, the right to substitution is absolute.

The General Associations Law was formerly the Joint-Stock Association Law; the title of the law was amended to read " General Associations Law " by section 2 of chapter 915 of the Laws of 1920, in effect April 15, 1921; section 14 was a new section added by said enactment.

I am unable to concur in the contention that this action is still a pending one.   The fact is that it has terminated in judgment.   Even if section 14 applied, and I do not think it does, I do not see that it can have any effect with respect to the instant application.   If the judgment was improperly obtained, whatever the reason may be, the pendency of an appeal from the judgment and the various orders has transferred jurisdiction of the cause to the

appellate court, save for incidental matters of no fundamental effect. With the filing of a notice of appeal jurisdiction of the cause is transferred to the appellate court except for the preliminary steps essential to put the cause in proper form for filing and presentation in the reviewing tribunal.

Though the respective parties have addressed their discussion primarily to the application and effect of section 14 of the General Associations Law, and have made no reference to the Civil Practice Act, it seems to me that the situation here is controlled by section 579 of the Civil Practice Act, entitled " Order of substitution," the relevant part of which provides: " Where the appeal is from one court to another, an application for an order of *substitution* of a party must be made to the appellate court." (Italics mine.)

It is this provision, and not section 14 of the General Associations Law, which applies to the point under consideration.

Plaintiff makes the general assertion, without reference to statute, rule or case, that the proper forum for a substitution of parties on appeal " is in the Appellate Division, where the matter is now pending." I do not agree with this contention; the proper forum is this court, and so section 579 has been construed. (*Campbell* v. *Friedlander*, 51 App. Div. 191.) The *Campbell* case has been frequently cited, but it is only necessary to refer to it. The court there construed section 1299 of the Code of Civil Procedure, now section 579 of the Civil Practice Act, without change of substance. The court said: " The application for such order substituting * * * should be made to the Special Term of the Supreme Court. The judgment to be reviewed in this case was rendered in the Supreme Court * * *. Where the appeal is from one court to another the application is required by section 1299 of the Code to be made to the appellate court. Within the meaning of this section, however, we think that an appeal to the Appellate Division from a judgment rendered by the Supreme Court is to be deemed an appeal from one branch to another branch of the same court. It is much more convenient that motions of this kind shall be heard in the tribunal of first instance so far as possible, and the language of the section seems to contemplate this distinction, assuming as it does that there are appeals which are not ' from one court to another.' "

The petitioner has erroneously applied for a substitution under section 14 of the General Associations Law; the cause being on appeal, application should be made under section 579 of the Civil Practice Act to the Special Term. It will be considered as so made, in the interests of justice. Motion for substitution granted. Settle order.