N. HILL FOWLER, Appellant, *v.* CHARLES T. CALLAN et al., Respondents.

An attorney may agree with his client upon his compensation, and it may be made contingent upon his success and payable out of the proceeds of the litigation.

Proceedings having been instituted before a surrogate which threatened the interests of defendant C., a devisee of certain real estate, and required him to appear and defend, he called upon plaintiff and retained him as his attorney. They entered into an agreement in pursuance of which C. executed to plaintiff a deed of an undivided half of the real estate, the latter agreeing to accept the same as his compensation, to conduct the defense to its close, to pay all the costs and expenses of the litigation, and to indemnify C. against the same. In an action of ejectment to recover the one-half so conveyed, *held,* that the contract was not in violation of the statutory prohibitions (Code of Civ. Pro., §§ 73, 74), but was an agreement purely for compensation and therefore valid.

*Fowler* v. *Callan* (12 Daly, 263), reversed.

(Argued April 19, 1886 ; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made at the January term, 1884, which affirmed judgments in favor of defendants, entered upon an order dismissing the complaint on trial. (Reported below, 12 Daly, 263.)

This was an action of ejectment to recover an undivided half of certain premises to which plaintiff claimed title under a deed from defendant Callan. The plaintiff is an attorney at law, and the deed was delivered to him in pursuance of a contract, the substance of which is stated in the opinion.

*Scott Lord* for appellant. The law as to champerty and

maintenance is not now in force in this State. (*Sedgwick* v. *Stanton*, 14 N. Y. 289 ; *Durgin* v. *Ireland*, id. 322; *Voorhees* v. *Dorr*, 51 Barb. 580.) If it be held that champerty and maintenance are not entirely done away with, but still exist for some purposes, the agreement under which the transfer is made is nevertheless legal. (Bouv. Law Dict. " Champerty " ; 1 Russell on Crimes, 176 ; 2 Pars. on Cont., 266 ; *Benedict* v. *Stewart*, 23 Barb. 421.) The agreement is not in contravention of the statute in force at the time it was made. (3 R. S. [6th ed.] 449, §§ 59, 60; Code, §§ 73, 74; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443, 447, 453 ; *Brotherson* v. *Consalus*, 26 How. 213 ; 3 R. S. [6th ed.] 449, §§ 59, 60.) To set aside the deed on the ground that what was paid the appellant was excessive, Callan should bring a distinct action and offer to pay what the services were worth. (*Thurston* v. *Purcival*, 1 Pick. 415.) The aim of the statute as to champerty was to prevent attorneys from purchasing claims for the express purpose of instituting suits thereon, and thus oppressing debtors and making costs. (2 R. S. 288, § 71.)

*J. Adolphus Kamping* for respondent Callan. In transactions between an attorney and his client, every presumption and every doubt is against the claims of the attorney. (*Kitching* v. *Van Brunt*, 38 N. Y. 342 ; *Burling* v. *Ring*, 2 N. Y. Sup. Ct. [T. & C.] 545 ; *Whitehead* v. *Kennedy*, 69 N. Y. 462 ; Story's Eq. Jur., §§ 308–324 ; *Brotherton* v. *Consalus*, 26 How. 219 ; R. S., part III, chap. 3, art. 3, § 81.) The agreement was champertous, therefore illegal, and the deed based thereon was void. (2 R. S. 691, § 56 ; *Jackson* v. *Ketchum*, 8 Johns. 482; R. S. 813; revisers' notes; *Hoyt* v. *Thompson*, 5 N. Y. 547 ; *Ogden* v. *Des Arts*, 4 Duer, 283.) The essential ingredient of the crime is the agreement that the party prosecuting a suit for another shall do it at his own expense. (*Benedict* v. *Stuart*, 23 Barb. 421 ; 4 Bl. Com. 135 ; 2 Pars. on Cont. [5th ed.] 766 ; *Lathrop* v. *Amherst Bk.*, 9 Metc. 489 ; *Sarterlee* v. *Frazer*, 2 Sandf. 141 ; *Brotherton* v. *Consalus*, 26 How. 218.) Plaintiff's agreement was, within the meaning of the statute, an

agreement to advance money to a person in consideration of having placed in plaintiff's hands the demand in suit. (*Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 452.)

*Quentin McAdam* for respondents Kelly & Griffin. The deed under which the plaintiff claimed was based upon a consideration forbidden by law and is void. (*Sedgwick* v. *Stanton*, 14 N. Y. 289, 294.) Champerty, except as it is or may be embodied in existing statutes, has no existence in this State. (*Sedgwick* v. *Stanton*, 14 N. Y. 289; *Durgin* v. *Ireland*, id. 322; *Voorhees* v. *Dorr*, 51 Barb. 580.) The contract now under consideration in stipulating not only for the services of the plaintiff in the litigation, but to bear the expenses thereof, "and to save his client (the litigant) from the payment of any costs and expenses in relation to the same," is unlawful. (*Brotherton* v. *Consalus*, 26 How. 213, 217, 218; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443, 452.)

FINCH, J. It does not affect the validity of the contract between the attorney and his client, that measured by the old rules relating to champerty and maintenance, it would have fallen under their condemnation; for neither doctrine now prevails except so far as preserved by our statutes. (*Sedgwick* v. *Stanton*, 14 N. Y. 289.) The attorney may agree upon his compensation; and it may be contingent upon his success, and payable out of the proceeds of the litigation. Such contracts are of common occurrence, and while their propriety has been vehemently debated, they are not illegal, and when fairly made are steadily enforced. In substance that was the contract here made, and there would be no question about it had it not contained a provision by the terms of which the attorney not only agreed to rely upon success for his compensation, but also to assume all costs and expenses of the litigation and indemnify his client against them. It is this feature of the contract which raises the question necessary to be determined.

The facts of the case are not very fully developed, but appear to be that the defendant as devisee under a will was en-

titled to certain real estate ; his right dependent upon the valid-
ity of the will, and in some manner threatened by proceed-
ings before the surrogate which put his interest in peril, and
made a defense essential to its protection.   In this emergency
he sought the aid and professional service of the plaintiff and
retained him as attorney.   The latter neither sought the re-
tainer, nor did any thing to induce it.   So far as appears, it
was not occasioned by any offer or solicitation of his, but origi-
nated in the free and unbribed choice of the client.   The evi-
dence does not show whether the latter had gained possession
of the land devised or was out of possession, but he gave to
the attorney a deed of the one undivided half part of the prop-
erty, taking back his covenant to conduct the defense to its
close, paying all costs and expenses of the litigation, and in-
demnifying the devisee against all such liability.   The agreement
appears to have been purely one for compensation.   If the
client had given to the attorney money instead of land, the
contract would have differed in no respect except the contin-
gent character of the compensation.   The arrangement con-
templated success in the litigation, in which event the land
would pay the costs and expenses and the attorney's reward,
and both would be discharged out of the property of the client
placed in the hands of the attorney for that precise purpose.
The contract in no respect induced the litigation.   That was
already begun and existed independently of the agreement, and
originated in other causes.   It did not tend to prolong the
litigation.   It made it to the interest of the attorney to close
it as briefly and promptly as possible, and at as little cost and
expense as prudence would permit.   The plaintiff, therefore,
stirred up no strife, induced no litigation, but merely agreed
to take for his compensation so much of the value of the land
conveyed to him as might remain out of that value after the
costs and expenses had been paid.   We do not think the stat-
ute condemns such an agreement. (3 R. S. [6th ed.] 449,
§§ 59, 60; Code, §§ 73, 74.)   The Code revision changed
somewhat the language of the prohibition, but, nevertheless,
must be deemed a substantial re-enactment of the earlier sec-

tions. (*Browning* v. *Marvin,* 100 N.Y. 144, 148.) They forbid, first, the purchase of obligations named by an attorney for the purpose and with the intent of bringing a suit thereon; and, second, any loan or advance, or agreement to loan or advance, "as an inducement to the placing, or in consideration of having placed in the hands of such attorney," any demand for collection. The statute presupposes the existence of some right of action, valueless unless prosecuted to judgment, which the owner might or might not prosecute on his own behalf, but which he is induced to place in the hands of a particular attorney by reason of his agreement to loan or advance money to the client. It contemplates a case in which the action might never have been brought but for the inducement of a loan or advance offered by the attorney, and in which the latter by officious interference procures the suit to be brought and obtains a retainer in it. The statute speaks of a "demand," which by enforcement will end in a "collection"; phrases which have no aptness to the situation of one simply defending a good title to land against the efforts of others seeking to destroy the devise under which he claims. The plaintiff made no "loan or advance" in any proper sense of those words. They imply a liability on the part of the client to repay what was thus lent or advanced. The attorney loaned nothing, and he advanced nothing to the client which the latter was bound to reimburse. Simply he was paid in advance an agreed price, taken in land instead of money, and out of which he was first to pay costs and expenses. The facts before us are not within the terms of the statutes as it respects a "demand" which is the subject of "collection," but our conclusion rests more strongly upon the conviction that the agreement made was one for compensation merely and had in it no vicious element of inducing litigation or holding out bribes for a retainer.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.