### The J. Carl Jackson.

### Hall v. The J. Carl Jackson.

#### (*District Court, S. D. New York.* December 16, 1886.)

CHAMPERTY—"AN OBLIGING ADVANCE" BY PROCTOR—CODE CIVIL PROC. N. Y. §§ 73, 74.

The essential characteristic ingredient of champerty is the intent to promote litigation. Therefore, where proctors in a suit in admiralty, by the arrest of the vessel, and stipulation given for her release, had secured the payment of the demand, and had informed the libelant that the claim was secured, and the latter afterwards, supposing the money had been collected, gave to a third person an order for the amount upon the proctors, and the latter honored and paid the order while the suit was in progress, and before collection, *held*, upon the evidence, that this was not for the purpose of prosecuting the suit, but was an obliging advance only, and did not violate, in letter or in spirit, the statute against champerty and maintenance.

In Admiralty.

*Hyland & Zabriskie*, for libelant.

*Derby & Luques*, for claimant.

BROWN, J. The Jackson was prosecuted for a balance of $50 claimed to be due to the libelant for towing a canal-boat from Buffalo. The facts show, without question, the performance of the contract for the agreed price of $100, and that the balance of $50 has not been paid by the respondent, or any part of it. After the filing of the libel, the attachment of the canal-boat, and security given for the claim, the libelant was told by the proctors that the claim had been secured. Subsequently he gave to a third person an order upon the proctors for the money, and the proctors, at the request of the bearer, honored the order by an advance of the amount; it being supposed, when the order was given, that the amount had been collected. The proctors stated at the time they honored the order that they would hold the plaintiff responsible for it if not collected as expected. The respondent claimed that the advance was made by the proctors as a purchase of the claim; and that the further prosecution of the action was in violation of the statute against champerty and maintenance, as contained in sections 73 and 74 of the New York Code of Civil Procedure. It is entirely clear, however, that the essential and characteristic ingredient of these and other statutes on the same subject, namely, the inducement by the proctors to litigation, is here entirely wanting. The transaction, as the evidence shows, was nothing more than an obliging advance, made by the attorneys upon an order upon them given by their client under a misapprehension. The statutes as to champerty and maintenance, neither in letter nor in spirit, cover such a case. *Fowler* v. *Callan*, 102 N. Y. 395, 399; S. C. 7 N. E. Rep. 169; *Harris* v. *Brisco*, 17 Q. B. Div. 504.

The receipt of the bill in full is clearly explained as made prospectively only, and for the purposes of collection. The balance was not paid by the respondents, or by any one in their behalf. The libelant is entitled to a decree for $50, with interest and costs.