Truax, J.
It was stated in the brief submitted by the defendants on the argument that the fourteenth paragraph of the answer (the paragraph to which one of the plaintiffs objects) “is based on section 73 of the cod.e of Civil Procedure.”
That section declares that “ an attorney or counsellor shall not * * * buy or be in any manner interested in buying a bond, promissory note, bill of exchange, book-debt, or other thing in action, with the intent and for the purpose of bringing an action thereon.”
The paragraph of the answer of which one of the plaintiffs complains is to the effect that said plaintiff “bought and became interested in the premises mentioned in the complaint and in the alleged cause of action set forth in the complaint, and did instigate, promote and become interested in the controversy herein * * * for the purpose and with the intent of bringing this action * * * contrary to the statute in such case made and provided,” i. e., in view of thé said statement in the brief, contrary to section 73 of the Code of Civil Procedure.
The cause of action set forth in the complaint is that the plaintiffs are the owners as tenants in common, and are entitled to the immediate possession of the premises mentioned and described in the complaint, and that the defendants wrongfully withhold from the plaintiffs the possession of said premises; and the relief demanded is that the court adjudge that the plaintiffs are seized in fee as tenants in common of said premises and are entitled to the immediate possession thereof, and that they recover such possession from the defendants.'
Thus it appears that the question that arises on this motion is: Is an attorney prohibited by section 73 of the Code of Civil Procedure from buying land or an interest in land, where such land is in the possession of another, for the purpose and with the intent of getting possession of such land by means of an action?
The counsel for the defendants conceded that plaintiff was not within the prohibition of said section of the Code unless he bought some “ other thing in action,” and contended that the plaintiff when he purchased the fee bought merely a right of action, and, therefore, a thing in action, and cites as authorities for this proposition the cases of Moses v. McDivitt 88 N. Y., 62; Wetmore v. Hegeman, id. 69; Browning v. Marvin, 100 id., 144; Fowler v. Callan, 102 id., 395; 1 N. Y. State Rep., 1.
These cases are not authorities for the defendant’s proposition. Moses v. McDivitt, was an action brought by an attorney upon a bond; Wetmore v. Hegeman and Browning v. Marvin were actions on contract, while Fowler v. Callan is an authority to some extent for the plaintiff.
I do not see how it can be said that the plaintiff bought a *894 thing in action in view of the allegation of the answer that the plaintiff “ bought * * * the premises mentioned in the complaint.” It is true that the defendants also say that the plaintiff “ bought and became interested in the premises * * * and in the alleged cause of action set forth in the complaint,” but the proceedings show that what the plaintiff purchased was the fee of the land, and not a thing in action. The motion is granted, with ten dollars costs to abide the event.