EDITH HERRINGTON, as Sole Administratrix, etc., of JOHN VAN CAMPEN, Deceased, Respondent, *v.* EDWARD M. LOWMAN and Others, as Executors, etc., of JACOB LOWMAN, Deceased, Appellants.

· *Settlement of an estate by the next of kin, without the issuing of letters of administration.*

The widow and daughter of an intestate, who are his only next of kin, may, where the deceased left no creditors, settle his estate without taking out letters of administration.

Where the widow, although no letters have been issued, undertakes to make a settlement of an account which existed between the deceased and one Lowman, and signs a paper stated to be a "Settlement made between Jacob Lowman and John Van Campen (the decedent) of all accounts * * * with a balance of $83.14 due John Van Campen's estate," which amount is paid to the widow, and the daughter, although informed of the transaction on the same day, does not object to it, the latter cannot upon obtaining letters of administration, more than two and a half years later, maintain, as administratrix, an action on such account against the executors of Jacob Lowman, in the meantime deceased.

APPEAL by the defendants, Edward M. Lowman and others, as executors, etc., of Jacob Lowman, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 20th day of July, 1895, upon the report of a referee, and also from an order made at the Chemung Special Term and entered in said clerk's office on the 18th day of April, 1895, directing the entry of such judgment.

John Van Campen died on May 28, 1889, intestate, leaving his widow, Susan Van Campen, and daughter, Edith Herrington, his only next of kin. He left no creditors. He had an unsettled account with one Jacob Lowman, and on June 9, 1889, no letters of administration having been issued, the widow assumed to settle this account, and a balance of $83.14 having been found due the estate of John Van Campen, that sum was paid by said Lowman to said Susan Van Campen, and the following paper was drawn and executed:

"LOWMANVILLE, N. Y., *June* 10, 1889.

"Settlement made between Jacob Lowman and John Van Campen of all accounts from March 4, 1864, to the present time, with a balance of $83.14 due John Van Campen's estate.

"Received payment,

"MRS. SUSAN VAN CAMPEN."

Aside from the claim against Lowman, John Van Campen left a small amount of household furniture, an old wagon and some small accounts, which appear to have been disposed of by the widow and daughter prior to the granting of letters of administration to the plaintiff.

The plaintiff knew of the settlement made by her mother with Lowman the same day it was effected, but testified that she had no such knowledge until after it was done, and that she did not authorize the transaction. It was not shown that, when informed of the settlement, the plaintiff made any objection thereto.

Jacob Lowman died on April 9, 1891. On February 9, 1892, the plaintiff obtained letters of administration on the estate of John Van Campen, and commenced a proceeding to recover on the account against Jacob Lowman, which Susan Van Campen had assumed to settle for $83.14, by presenting a claim therefor to the executors of Jacob Lowman, deceased, and on its rejection, obtaining a reference under the statute. The referee found in favor of the plaintiff, and afterwards judgment was entered on his report for the amount of damages so found, as modified by the court below, viz., for $299.57, together with interest and costs.

*E. J. Baldwin,* for the appellants.

*John A. Reynolds,* for the respondent.

PUTNAM, J. :

On the death of John Van Campen his widow and daughter undertook to settle his estate without taking out letters of administration. As there were no creditors they could do this. The personal property left by the deceased descended to them as tenants in common. (*Hyde* v. *Stone,* 7 Wend. 354, 357; *Wormuth et al.* v. *Hale,* 17 Wkly. Dig. 180.)

Family arrangements by which estates have been settled and divided, and under which property has been transferred by the next of kin without obtaining letters of administration, where the rights of creditors were not concerned, have been sustained. (See the cases above cited and *Babbitt & Wife* v. *Bowen et al.,* 32 Vt. 437; *Weaver* v. *Roth,* 105 Penn. St. 408; *Ledyard* v. *Bull et al.,* 119 N. Y. 62.)

The testimony in the case shows that, after the death of John Van Campen, the plaintiff and her mother, the only next of kin of the deceased, sold and divided between themselves the small amount of furniture and personal property belonging to his estate, except the account with Jacob Lowman, and that account was settled as above stated.

The claim was owned by the widow and the plaintiff as tenants in common. It appears from the testimony in the case that the plaintiff knew before the settlement was made that parties representing her mother and Lowman were figuring up the accounts. She knew that her mother had made a settlement the same day it was effected, and the amount paid. Her mother told her she had received eighty-three dollars in settlement of that account; she told plaintiff that because she had settled. When informed of the settlement she made no objection. She never afterwards made any demand of Lowman, or said anything to him on the subject, although he was a neighbor and lived for about two and one-half years after the transaction. The widow had the books of John Van Campen on the settlement, and after that transaction delivered them to the plaintiff, telling her to take care of them and do what she wanted with them. Although the plaintiff testified that she did not know of the settlement until after it was made, and did not authorize it, we are inclined to doubt as to whether, under the facts and circumstances shown, the referee should not have found that the settlement was made with the knowledge and consent of the plaintiff. Knowing, on the very day of the transaction, that her mother had assumed to settle the account they together owned, and had received eighty-three dollars and fourteen cents from Lowman thereon, if she objected, it was her duty to speak, to repudiate the arrangement. Instead of doing that, she rested in the matter two and one-half years, until Lowman died. The court below, speaking of the settlement made by Mrs. Van Campen, said : "If she had assumed to act for her daughter as well as for herself, I should readily find a ratification by the daughter such as to make the settlement complete. In the absence of creditors, I am satisfied that the settlement with the next of kin would be a valid settlement. But one cannot ratify an act which was not done in her behalf. The settlement having been made by the widow alone, and not in behalf of the daughter,

was not, therefore, a settlement which was the subject of ratification." I am inclined to believe that a different view should be taken in regard to this settlement. The paper signed purports to be a "*settlement made between Jacob Lowman and John Van Campen.*" Mrs. Van Campen then assumed to represent the estate of John Van Campen, and necessarily bound herself and her daughter, to whom the estate had descended. From the paper itself, and from the other facts shown in the case, it might well be inferred that the settlement in question was made by Mrs. Van Campen on account of the estate of her deceased husband, with the knowledge and consent of her daughter.

For the reasons suggested, I am not clear as to the correctness of the conclusion of the referee in holding that the settlement between Jacob Lowman and Susan Van Campen was not a bar to the action. But without passing upon this finding of the referee, and assuming that he was authorized under the evidence in the case to determine that the rights of the plaintiff as next of kin were not affected by the settlement and receipt in question, I think such settlement should have been allowed to stand as against the share of the widow in the estate.

When the arrangement was made, the widow was the owner of an interest in the claim against Lowman. She could sell that interest, and hold as her own what she received for it. If she could sell to a third party, she could sell to Lowman, by giving him a receipt for it. The transaction should be deemed an equitable assignment of her interest in the claim. "In the absence of creditors, an administrator is a mere trustee for the next of kin, charged with the sole duty to collect, convert and distribute the estate among the beneficiaries according to their respective interests." (*Ledyard* v. *Bull et al.*, 119 N. Y. 72.) The plaintiff as trustee for her mother, if entitled to recover any sum, should not be allowed to collect what her mother has, by a valid settlement, released. She should only be permitted to have judgment for her own interest in the account, not released. (See *Wormuth et al.* v. *Hale, supra.*) It is suggested by the learned court below that an equitable offset for the amount paid by Lowman to Susan Van Campen cannot be allowed against her interest in the account in question because she is not a party to the action, and, therefore, her rights cannot be passed upon. I am

unable to agree with this view. It is the right of the widow in the account in question that is to be affected. The plaintiff as administrator is her trustee, and represents her in the action. The plaintiff, suing as trustee for Susan Van Campen and herself — if the judgment from which the appeal is taken shall stand — a portion of the recovery would belong to her mother. It cannot be held that, in an action by the plaintiff as trustee to recover money for Susan Van Campen, the latter is not represented. No fraud on the part of Lowman in procuring the settlement in question being shown, and no sufficient evidence of mistake, the recovery should be reduced by an amount equal to the interest of Susan Van Campen in the claim in suit.

I conclude that the judgment should be reversed, the referee discharged, and a new trial granted, costs to abide the event. But the other members of the court being of the opinion that final judgment in favor of the defendant should be awarded, with costs and disbursements, judgment is directed accordingly.

Judgment reversed, and judgment directed for the defendant on the merits, with costs.