## WEATHERWAX v. SHIELDS et al.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

EXECUTORS AND ADMINISTRATORS—ACTION FOR LEGACY — COMPLAINT—SUFFICIENCY.

> Plaintiff alleged that decedent bequeathed him a legacy, to be paid after the death of decedent's wife, who was to have the use of it during her life; she being also decedent's administratrix and residuary legatee. He further alleged that after the wife's death defendants were appointed administrators of her estate with the will annexed, and as such held a sum including the legacy bequeathed to him. *Held*, that since, under such complaint, it might be shown that the wife had completed her administration, and held the fund as legatee, in which event plaintiff was entitled to recover, the complaint stated a cause of action.

Appeal from trial term, Rensselaer county.

Action by William H. Weatherwax against William H. Shields and George E. Button, as administrators with will annexed of the estate of Hester Way, deceased. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The complaint alleges that on the 2d day of January, 1879, Ira A. Way, then a resident of the county of Rensselaer, died, leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of Rensselaer on the 3d day of May, 1879, in which the testator bequeathed to this plaintiff the sum of $4,000, to be paid to him after the decease of Hester Way, the wife of said Ira A. Way; she to have the use and income of said $4,000 during her natural life. She was also residuary legatee and devisee of the estate of said Ira A. Way, which consisted of real property of the value of about $1,500, and personal property to the amount of $16,500. May 12, 1891, Hester Way died. She left a will, of which one John H. See was executor. He died January 22, 1896, leaving a will, of which his wife was executrix. The defendants were appointed administrators with the will annexed of Hester Way's estate February, 1897. The complaint alleges that the executrix of John H. See, the executor of Hester Way, was required by the surrogate of Rensselaer county to account to the defendants, and to pay to them $10,511.28 of the estate of Hester Way, and that the property of which Hester Way died seised and possessed included the legacy of $4,000 bequeathed

by Ira A. Way to the plaintiff; that there were no outstanding debts against the estate of Ira A. Way; that the plaintiff has never been paid his said legacy. Judgment is demanded against the defendants for the amount thereof.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Mark Cohn, for appellant.

G. B. Wellington, for respondents.

LANDON, J. If Hester Way at the time of her death held the $4,000 in question as executrix of the unadministered estate of Ira A. Way, and not as legatee thereof under his will, then the complaint was properly dismissed, since in such case the $4,000 belonged to Ira A. Way's estate, and not to the plaintiff, whose right to the possession of the money would have to abide the event of such administration. In re Moehring, 154 N. Y. 425, 48 N. E. 818. But if the administration of Ira A. Way's estate had been perfected by his executrix, Hester Way, who was legatee for her life of the income of the $4,000 in question, and also residuary legatee and devisee under the will of Ira A. Way, then, as between herself and the plaintiff, she held the legacy in trust for the plaintiff, to be paid to him upon her death. This trust attended the fund, and the fund upon her death passed to her executor, John H. See, charged therewith, and after his death passed to these defendants, his successors in the administration of Hester Way's estate, upon their receipt from See's executrix of the moneys in the latter's hands belonging to Hester Way's estate, of which this legacy was a part. The defendants are her privies in estate, and they received the trust fund charged with the trust which she assumed in accepting the legacy. Rundle v. Allison, 34 N. Y. 180. Under the complaint the plaintiff could have adduced evidence tending to establish the latter case. The complaint alleges that Hester Way acted as sole executrix of Ira A. Way's estate for 12 years, and does not specifically allege that she completed the administration; but it alleges that there remained in the hands of the executrix of her executor, six years after her death, the sum of $10,511.28, of the same property bequeathed to her by Ira A. Way, including the legacy of $4,000 here in question, which amount the surrogate decreed that the executrix of her executor should pay to these defendants. The complaint also alleges that there are no claims existing or outstanding against the estate of Ira A. Way. Hester Way probably never had any judicial settlement of her accounts as executrix of the will of her husband, Ira A. Way. Such settlement would be for her protection, but, if she did in fact fully and properly administer Ira A. Way's estate, then the business of administration is at an end. A judicial settlement would be the formal and more complete evidence of it, but the fact may exist without such evidence. By her failure to procure a judicial settlement, she may have left the administration open to question by parties claiming to be prejudiced; but, in the absence of mistake, she was concluded by her own acts executed in favor of the legatee holding under her. Ledyard v. Bull, 119 N. Y. 62, 23 N. E. 444; Herrington v. Lowman, 22 App. Div. 266, 47 N. Y. Supp. 863.

Under the complaint, and evidence proper to be adduced in its support, the trial court might have found that the administration of the estate of Ira A. Way was completed by Hester Way, and that she received and held the $4,000 as legatee, and not as executrix. The complaint does not specifically assert the completeness of the administration of the estate of Ira A. Way by Hester Way, or of the receipt by her of the assets of his estate, or of the payment of the $10,511.28 by the executrix of the executor of the estate of Hester Way to these defendants, the present administrators of Hester Way's estate; yet enough is stated in the complaint to suggest these facts. The counsel for the defendants makes no objection upon this ground. Upon the trial, in the absence of a demurrer, it would be proper to supply by distinct statement what seems to rest only in suggestion.

A defense is stated in the answer which we do not mean to prejudice, but, as the case stands, the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.