In the Matter of the Estate of ELLA D. PARSONS, Deceased.

Surrogate's Court, Albany County, April 9, 1932.

PROCEEDING on accounting by surviving testamentary trustee.

*Buel C. Andrews* [*P. C. Dugan* of counsel], for the petitioner.

*W. L. L. Peltz* [*Martin T. Nachtmann* of counsel], for John P. Newton, objector.

*Curtis & Warren,* for Eleanor N. Baldwin.

SCHENCK, S. In the proceeding upon the accounting of the surviving trustee of a trust created by the will of the decedent herein, objections to the account were filed and the issues tried by the court.

The will of the testatrix, who died December 27, 1928, was

admitted to probate in this court January 29, 1929, and John P. Failing and Ada P. Failing were duly appointed executors and trustees thereunder. At the time of her death practically all of testatrix's estate was invested in high grade dividend paying securities, and the securities now held by the trustee, the retention of which is the basis for the principal objections filed, were owned by testatrix at her decease. Nor have any investments since been made by the trustees.

The executors heretofore presented their account of proceedings and on July 30, 1930, a decree was entered, pursuant to the terms of which the trustees took over from themselves as executors these securities, which now constitute the corpus of the trust estate.

Ada P. Failing, one of the trustees and sole life beneficiary, died June 7, 1931, and thereafter on September 8, 1931, John P. Failing, as surviving trustee, filed an account of proceedings of the trustees. To this account objections have been filed by John P. Newton, a remainderman to the extent of one-half of the corpus, the other remainderman having made no objection to the account and having agreed to accept her share of the trust estate in kind. The objections filed, with the exception of objection numbered " 6," may be disposed of without extensive comment.

Objection numbered " 1," alleging that the sum of the items listed in Schedule " A " should be increased, was conceded not to have been well taken and this objection is overruled.

Objection numbered " 2," to the effect that two items in Schedule " D " are not proper credits, is sustained, the accounting party admitting that an error had been made. Accordingly, the account will be surcharged in the sum of $441.60.

Objection numbered " 3," which alleges that disbursements amounting to $368 for premium on trustee's bond and for rent of safe deposit box should have been paid from income and not from the trust estate, is overruled. It would appear that these items are proper charges against corpus.

Objection numbered " 4 " points out that the account contained no statement of income received since the death of the life beneficiary. While the objection was well taken, the subsequent filing of an amended account satisfactorily disposes of this omission and the objection is overruled.

Objection numbered " 5 " relates to a clause in the will which reads:

" Second. I give and bequeath to my sister, Ada P. Failing, Mother's diamond ring, diamond fly with beryl body,. eagle head sofa, old oval mirror, fiddle back chair, oval painting, amethyst beads and pin, jade beads, and bedroom furniture not otherwise

disposed of and my fleur-de-lis pin; also my candelabra for her lifetime to go at her death to my nephew John P. Newton."

It clearly appears from the language of the will that she gave to Mr. Newton only the candelabra, and the evidence shows that it was offered him by the surviving trustee, but such offer was refused. This objection is overruled.

Objection numbered " 6 " is founded on negligence, in that the trustees held securities not of the character permitted by law for investments to be made by testamentary trustees.

As I heretofore stated, the evidence shows that the trustees made no investments whatsoever. As trustees, they received these securities in kind from themselves as executors, and the securities now held by the surviving trustee are the same securities which belonged to testatrix at the time of her death. That these securities have depreciated in value since the date of the death of testatrix and since the date of the decree entered upon the judicial settlement of the executors' account is conceded.

It nowhere appears in the evidence that these trustees were negligent in that they were inattentive to their duty, or failed to give consideration to the question as to whether or not a sale of these securities was advisable. The surviving trustee had bought and sold stocks for many years, both for himself and others, and kept himself informed of the condition of the market and of market values. During the trusteeship he consulted with various bankers and brokers as to the advisability of retaining these securities, and the advice received, coupled with his own judgment, led to the determination that it was unwise to sell.

Whether or not a trustee shall be surcharged for losses occasioned by his failure to convert non-legal investments of his testator coming into the trust must always be determined upon the facts and circumstances of the individual case.

COLLIN, J., writing the opinion of the court in *Costello* v. *Costello* (209 N. Y. 252), said (at p. 261): " The statutory provision and the rules of equity characterizing the securities in which trust funds may be invested were adopted in the light of experience and we do not intend to weaken them or increase their elasticity. *They are not, however, absolutely exclusive, arbitrary and inflexible and must yield to the rule of necessity or safety.* A more fundamental and broader principle, superseding in emergencies or justifying conditions the specialized rule, is that *trustees are bound in the management of all the matters of the trust to act in good faith and employ such vigilance, sagacity, diligence and prudence as in general prudent men of discretion and intelligence in like matters employ in their own affairs.* The law does not hold a trustee, acting in accord

with such rule, responsible for errors in judgment. (*Matter of Denton* v. *Stanford*, 103 N. Y. 607; *Ormiston* v. *Olcott*, 84 N. Y. 339; *Litchfield* v. *White*, 7 N. Y. 438.) "

Such is the general rule which has been consistently followed in this State as well as in other jurisdictions. (See *Matter of Taylor*, 277 Penn. St. 518; 37 A. L. R. 553, attention being directed to notes p. 559 *et seq.*)

The court in its opinion in *Matter of Taylor (supra)* states the rule as follows: " The general rule — in jurisdictions which, like Pennsylvania, limit the investment of trust funds — is that ordinarily a fiduciary has no right to retain, beyond a reasonable period, investments made by the decedent in unauthorized securities, unless specially empowered so to do; that when a trustee continues to possess such non legal investments after a time when he could properly dispose of them, and a loss occurs, he may be held liable for failure of due care, unless he shows that his retention of the securities in question represents, not a mere lack of attention, but the honest exercise of judgment based on actual consideration of existing conditions; in other words, he is expected to be ordinarily watchful and to exercise normally good judgment. For principles involved, see *Hughes* v. *Empson*, 22 Beav. 181; 52 Eng. Reprint, 1077; *Babbitt* v. *Fidelity Trust Co.*, 72 N. J. Eq. 725, 757; 66 Atl. 1076.

Years ago it was permissible for the trustee to continue whatever of the creator's investments came into the trust; but the rule has been modified. (*Matter of Weston*, 91 N. Y. 502.) To-day, if he continues non-legal investments and a loss occurs, he must justify his acts by proof of circumstances over which he had no control, or by proof that under the circumstances existing he has acted as " in general prudent men of discretion and intelligence " would have acted. (*Costello* v. *Costello, supra.*) The period within which he should make the conversion, after the setting up of the trust, also finds its basis in the circumstances of the individual case. The lapse of two months in one case may be an unreasonable time, whereas in another case a lapse of more than a year may be found to be the converse. He is not under the compulsion of an inflexible rule. He is permitted to use his discretion, and if he retains the investments for a considerable period awaiting a better market in which to dispose of them, he may not be liable. (*Matter of Weston, supra.*) In any case he is entitled to *a reasonable time* in which to act. What constitues a reasonable time may be both a question of fact and law, or a pure question of law. Where the facts are unsettled and the testimony conflicting it is a question of fact for the triers of the fact, and, in a trial by a jury, under proper instructions as to the law, but if there be no conflict in the testi-

mony it is purely a question of law. (*Commercial Nat. Bank* v. *Zimmerman*, 185 N. Y. 210, 217.)

The evidence in this case is not in conflict. It has not been denied that the investments of the testatrix were of an unusually high character, and it must be conceded that the market conditions were such that other prudent men of discretion and intelligence were wholly at a loss to know what action to take with investments of a like character owned by them. It cannot be said, therefore, either as a question of fact or as a question of law, that these trustees failed to convert the securities into legal investments for trust estates within a reasonable time. They acted with prudence and diligence and may not be condemned because they, like thousands of other prudent men, failed to prevision the cataclysm that occurred and so materially lessened the value of the investments intrusted to their care. There is a broad distinction between negligence and mere error of judgment, and a trustee acting honestly and with ordinary prudence should not be held liable " for unfortunate results which he could not be expected to foresee and was powerless to prevent." (*Ormiston* v. *Olcott*, 84 N. Y. 339; *Matter of Clark*, 257 id. 132.)

Each case of this class is *sui generis*, and the decision of the court should not be taken as a controlling precedent in other cases. (*Catlin* v. *Grissler*, 57 N. Y. 363, 365.)

The securities in this estate have been divided as nearly as may be into two equal parts, and whether or not the objectant will accept delivery of his share of the estate in kind rests with him.

A decree may be entered judicially settling the account of proceedings herein except in so far as the same must be surcharged in the sum of $441.60, pursuant to the ruling as to objection numbered " 2."