In the Matter of the Estate of HENRY C. BEADLESTON, Deceased.

Surrogate's Court, New York County, February 16, 1933.

*Lord, Day & Lord* [*Jesse Hoyt* of counsel], for the executors.

*Simpson, Thacher & Bartlett*, for Yale University.

*Leigh K. Lydecker*, for Edith Beadleston, surviving trustee, Meyer Alterman, special guardian of Henry C. Beadleston Lindh, John A. Byrnes, special guardian of Margaret McGhee Beadleston and Edith Beadleston, infants.

DELEHANTY, S. On an accounting by the executors of the above-named deceased filed January 12, 1932, issue was raised in respect of various matters by the report of the special guardian.

Upon the hearing, all objections were withdrawn except (a) objection to the payment to the daughter of deceased of the sum of $3,350; (b) objection to the payment of $2,780 to the executrix, and (c) objection to the claim of executors for allowance of decrease in principal by reason of shrinkage in market value of the securities of the estate received by the executors.

After taking proof of the claims of the daughter of the deceased and the executrix, I allowed each of the items (a) and (b) to which objection had been taken. In respect of item (c) proof has been submitted by stipulation showing the highest and lowest prices of the securities held by the executors for a period beginning December, 1929, and ending March, 1930. Such stipulation establishes substantial fluctuation in the value of these securities. It was conceded upon the argument that there had been a very substantial capital shrinkage in these securities between the date of the qualification of the executors, to wit, October 11, 1929, and the date of the account above given.

By clause fifth of the will testator directed that his residuary be held in trust for the life of his wife and his daughter and that the whole income therefrom be paid to his wife during her life and thereafter to the daughter if she survive her mother. Upon the death of the daughter the principal is distributable to the daughter's descendants. The special guardian represents a son of this daughter who by the terms of the trust will receive the principal if he survives the life beneficiaries of income.

The will of the deceased, in clause seventh, provides: " I do not restrict my trustees to investments which are authorized by the laws of New York State. I specifically authorize and empower them to hold the investments which may constitute my estate at the time of my death, to reinvest in securities of the same general character or in any other securities which they may deem proper and expedient."

Upon the hearing it was testified both by the wife and the daughter (beneficiaries of income as above stated) that the retention of the securities by the executors (although the securities were speculative in character) was approved by them and that they now had no complaint to make of such retention.

It is to be noted that the securities in question were in the ownership of the deceased and were in no instance an investment by the executors upon their own initiative. The situation is strictly within the authority of *Matter of Clark* (257 N. Y. 132). The Court of Appeals in that case (p. 137) commented upon a term in a trust provision less broad than that quoted above and held that the language of the testator commented upon by them indicated that he had " contemplated that the securities left by him might ·be held over an extended period." The court discusses the plain distinction between negligence and mere error of judgment and quoted with approval the statement in an earlier case that " a wisdom developed after an event and having it and its consequences as a source is a standard no man should be judged by." (COLLIN, J., in *Costello* v. *Costello*, 209 N. Y. 252, at p. 262.)

The standard established by *Matter of Clark* (*supra*) is that the purchase by executors or trustees of speculative stock would constitute negligence and authorize a surcharge for any loss incurred, while the retention of a security received from the hands of the deceased and the failure to make prompt disposal thereof is not in itself negligence even though loss is shown to have occurred by reason of failure to sell promptly after receipt.

Whatever may be said in retrospect of the judgment of these executors in retaining speculative securities for a period of over two years, and in a generally declining market, it ·is also a matter of common knowledge that scores of individuals of wide business experience have dealt with their own securities in precisely the same way. After the event, their conduct is ascertained to have worked harm to the estate. The day by day conditions which confronted them did not furnish any ready solution for the problem. Their hope of regaining the capital value lost has been disappointed, but their good faith in retaining the securities is evident.

The objection of the special guardian predicated on this shrinkage in value must, therefore, be overruled and the account will be approved as rendered. It is to be noted, however, that the determination here made is limited to the situation as it existed on the date of the filing of the account, to wit, January 12, 1932. (*Matter of Kent*, 146 Misc. 155.)