Argued November 7; affirmed December 4, 1934; rehearing denied
January 15, 1935

## KELLY *v.* WHITHAM ET AL.

(37 P. (2d) 1091)

*Julius Silverstone* and *John M. Pipes,* both of Port-land, for appellant.

*Emil P. Slovarp,* of Portland (Donald E. Long, of Portland, on the brief), for respondents.

CAMPBELL, J. On November 19, 1888, plaintiff became the owner, and ever since has been the owner in fee simple, by purchase from N. B. Jones, of a three and five-eighths acre tract of land, situate in Section 6 in Township 1 South, Range 1 East, of the Willamette Meridian, Multnomah county, Oregon, and lying immediately north of and adjoining what was commonly known as the old Canyon road leading from Portland westerly to Hillsboro, Oregon. This tract is bounded on the westerly side by what is known as the Jones road, running north 47 degrees west and

connecting with the old Canyon road at the southwest corner of plaintiff's land. The deed conveying the tract to plaintiff, contained the following provisions:

"And in case the county road which now runs along the south line of the above parcel of real estate shall be moved farther south than its present location, then I, N. B. Jones, hereby agree to dedicate the land between the south line of said tract and the road as thus changed as a 'common', which shall remain unenclosed."

The said deed contained a covenant that said premises were free from all encumbrances and a warranty that the grantor, his "heirs, executors and administrators shall warrant and defend the same to the said John D. Kelly, his heirs and assigns forever, against the lawful claims and demands of all persons whomsoever, and to carry out the above conditions and agreements concerning the 'common' in case of the road being changed". Plaintiff's deed was duly recorded in the deed records of Multnomah county, November 19, 1888.

The grantor, at the time he executed the above deed, was the owner of a thirty-one acre tract immediately south of the land described in the deed and adjoining the county road referred to in said deed as the old Canyon road. Indeed, it would appear that the grantor was the owner of the fee of the land upon which that part of the county road referred to in the deed is laid, subject to the easement of the county road thereon. Defendants are, and ever since 1908 have been, the owners in fee of that tract of land lying immediately south of the county road in front of plaintiff's tract, by purchase from N. B. Jones, the common grantor of plaintiff and defendants, and have that part of said tract between the old Canyon road and the new Canyon road enclosed.

On February 2, 1927, Multnomah County initiated proceedings by resolution:

"In the Matter of the Location and Establishment as a county road the new Canyon Road."

Pursuant to said resolution viewers were duly appointed to lay out and locate said road and assess the damages sustained by owners of property by reason of such location. On April 30, 1927, said viewers filed their report fixing the amount of damages and attached a map and field notes showing the location adopted and awarding damages to numerous parties affected including damages to defendants herein in the sum of $3,000 by reason of such location. The title of the matter of the location of the new Canyon road would indicate the establishment of a complete new road. The report of the viewers and the orders of the court show that the proceedings really amounted to a relocation of a part of the old Canyon road, retaining all that part of the original road that was more convenient to the property to be served thereby. The final order of the court in the matter is as follows:

"It is hereby further ordered that the said road so located relocated and established be forthwith finally surveyed and opened and from the date of this order the said road is and hereby declared to be a public highway.

"It is hereby further ordered that no part of the old Canyon Road shall be vacated between block 9, Kings addition to the city of Portland and station 79 00 of the relocation nor any part of the old Canyon Road in Section 6, T. 1 S. R. 1 E. of W. M."

This suit is brought to compel defendants to remove all fences and obstructions on the tract between plaintiff's land and the northerly side of the new Canyon road so that it may be used as a "common". The circuit

court found in favor of defendants and entered a decree dismissing plaintiff's suit. Plaintiff appeals.

There is no contention that the new Canyon road is not legally established as a county road.

It will be admitted that whatever view the court may take of the covenant in the deed regarding the provision that certain land be dedicated as a "common", if the county road along the south line of plaintiff's land has not been moved, plaintiff cannot prevail.

The evidence shows that the laying out of the new Canyon road is to a certain extent a realignment and relocation of the old Canyon road and but for the saving clause in the final order of the county court, "that no part of the old Canyon Road shall be vacated between Block 9  *  *  *  and station 79 00  *  *  * nor any part of the old Canyon Road in Section 6, T. 1 S. R. 1 E. of W. M.", the proceedings would have been sufficient to have vacated all the old Canyon road. The saving clause leaves that part of the road in front of plaintiff's tract of land in exactly the same status as a county road as it was prior thereto. The covenant in plaintiff's deed, under which he claims the right of "common", did not specially mention the old Canyon road but it did say "in case the county road which runs along the south line of the above shall be moved further south". It was not the name that was to be moved, but the road. The same county road that was there then is there still, an improved highway open to the public travel and connecting with the new Canyon road at grade a short distance east of plaintiff's land. It has been travelled "every day in the year" for the past forty-five years, and still is, by members of plaintiff's family. Where the right of way of the old road intersects the new road a short distance west of plaintiff's land, the difference in the elevation at that point makes

the connection somewhat steep. What is known as the Jones road is still connected with and open to travel with the old road and thence connected with the new road furnishing a means of ingress and egress for plaintiff's tract as well as for all lands located adjacent to and served by the Jones road.

In our judgment the county road along the south line of plaintiff's tract has not been moved nor abandoned. In this view, the other questions presented by counsel for appellant are merely moot.

The decree of the lower court will be affirmed.

It is so ordered.

BEAN, BAILEY and KELLY, JJ., concur.