OPINION OF THE COURT
Aaron Klein, J.
Defendants, Thaddeus Yuran and Anita J. Yuran, move under CPLR 3025 (subd [b]) for permission to serve an amended answer alleging an additional affirmative defense of champerty and maintenance under sections 488 and 489 of the Judiciary Law against plaintiffs’ action at law brought under article 15 of the Real Property Actions and Proceedings Law to compel the determination of a claim to certain real property.
*100 The substance of the affirmative defense to be alleged in the amended answer is that counsel to plaintiff Lost Lots Associates, Ltd. are stockholders in that corporation and Lost Lots Associates, Ltd. accepted a deed to real estate from plaintiff Maynard Keefe for no consideration other than an agreement that Lost Lots Associates, Ltd.’s attorneys would start the underlying article 15 action and pay all litigation expenses in connection with that action. In the event Lost Lots Associates, Ltd. is successful in the underlying action it agreed to split the proceeds from the sale of the land with its grantor, plaintiff Maynard Keefe.
Plaintiff, Lost Lots Associates, Ltd. opposes the motion on three grounds: (1) the moving papers do not make an evidentiary showing sufficient to support the alleged defense, (2) the proposed amended answer does not recite facts sufficient to establish champerty and maintenance, and (3) the defense of champerty and maintenance is equitable in nature and is not properly interposed in an article 15 action to clear title which is an action at law.
DECISION
In deciding whether to permit service of an amended answer containing an affirmative defense the court will follow the rule set forth in Annacchino v Annacchino (61 Mise 2d 636, 637) as follows: "If the defenses have merit (CPLR 3018, subd. [b]), the court may, in its discretion, grant the relief requested. (CPLR 3025, subd. [b].)”
Section 488 of the Judiciary Law (dealing with attorneys) and section 489 of the Judiciary Law (dealing with corporations or collection agencies) prohibit the direct or indirect buying or taking an assignment of a "bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent and for the purpose of bringing an action thereon.”
Whether a given transaction falls within the proscription of section 488 or 489 of the Judiciary Law is a question of legal interpretation.
In the present case defendant urges that plaintiff, Lost Lots Associates, Ltd.’s counsel’s stockholder status in a corporation which took a deed to real estate in exchange for its promise to bear the litigation costs of attempting to clear title to the real estate, and split whatever profits it made with its grantor falls *101 within the proscription of sections 488 and 489 of the Judiciary Law.
The court first observes that plaintiff, Lost Lots Associates, Ltd.’s counsel is involved in this transaction only as a stockholder of the corporation which made the subject agreement with its grantor. The attorney-client relationship here is between the corporation and its counsel, not the grantor and counsel to the corporation.
Even where the attorney-client relationship was between the attorney and his grantor courts have found agreements to bring suit to clear title to real estate where litigation costs are absorbed by the attorney to be a lawful contingency fee arrangement, where the fee is expressed as a percentage of ownership of the real estate to which title is successfully cleared (see, e.g., Fowler v Callan, 102 NY 395, 398, 399; Townshend v Frommer, 2 NYS 703, 704). In Townshend the court held that the purchase of real estate did not fall within the definition of the statutory items prohibited from purchase by or assignment to an attorney.
On the authorities referred to, the court does not believe that defendants’ proposed affirmative defense has legal merit because the agreement is not prohibited by section 488 or 489 of the Judiciary Law.
The motion to serve the proposed amended answer is, therefore, denied.