■ Lost Lots Associates, Ltd., et al., Respondents, v Augustus H. Bruyn et al., Defendants, and Thaddeus Yuran et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered June 5, 1978 in Ulster County, which denied defendants' motion for leave to file an amended answer. In March of 1974, plaintiff Lost Lots Associates, Ltd. (hereinafter Lost Lots) commenced the present action, pursuant to article 15 of the Real Property Actions and Proceedings Law, to compel the determination of its claim to certain real property located in the Town of Woodstock, Ulster County. Subsequently, in February of 1978, defendants' attorney allegedly discovered that Lost Lots was a corporation comprised of three attorneys, which acquired a deed to the real property in question from plaintiff Maynard Keefe who received no monetary consideration therefor. In return for the deed, Gerald Wapner, a practicing attorney and also an officer and stockholder of Lost Lots, allegedly entered into an agreement with plaintiff Keefe whereby Wapner's law firm was to commence the present proceeding, pursuant to article 15 of the Real Property Actions and Proceedings Law, to establish title to the subject tract in Lost Lots. Additionally, the firm was to bear all costs of this litigation and share equally with plaintiff Keefe the net proceeds of any settlement of the action or from the subsequent sale of the realty if Lost Lots is unsuccessful in the lawsuit. Upon this alleged state of facts, defendants moved in March of 1978, pursuant to CPLR 3025 (subd [b]), for leave to amend their answer in the proceeding to assert the affirmative defense of champerty and maintenance. Finding that the proposed affirmative defense was lacking in legal merit, Special Term denied their motion, and the instant appeal ensued. We hold that the order of Special Term should be affirmed. In New York champerty and maintenance is not a viable defense except as provided by statute *(Coopers & Lybrand v Levitt,* 52 AD2d 493), and defendants moved at Special Term for permission to assert the defense upon the ground that the conduct of Lost Lots and its attorneys in acquiring the subject realty and commencing this proceeding was in violation of sections 488 and 489 of the Judiciary Law. As an examination of these statutes readily reveals, however, that they relate not to a transfer of an interest in real property, such as we have here, but rather to the purchase of choses in action, claims or demands (see *Fowler v Callan,* 102 NY 395). Consequently, even accepting them as true, defendants' factual allegations are insufficient to establish the defense of champerty and maintenance, and Special Term properly denied defendants' motion for leave to assert such a defense *(Townshend v Fromer,* 15 NY Civ Pro Rep 8; 7 NY Jur, Champerty and Maintenance, § 6; see, also, *Beck v Motler,* 42 AD2d 1020). Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur. [95 Misc 2d 99.]