Henry Epstein, J.
This is a motion by plaintiff for summary judgment and a cross motion by defendant to amend the answer by adding three additional defenses. Considering the latter motion first, we have the following situation: The proposed affirmative defense “Third” alleges: “That during
the period of plaintiff’s suspension, the period herein sued for, the Personnel Director, has never certified any estimate; payroll or account containing the name of the plaintiff credited with pay for said period.” The proposed affirmative defense “ Fourth ” alleges: “ That the plaintiff has never obtained a writ of mandamus, or other order of the Court, adjudicating that he was entitled to pay for the period of his suspension, the period herein sued for, or directing the Police Commissioner, or the Personnel Director of the City of New York, or any other officer or board of said City, to place the name of said plaintiff upon any payroll of the Police Department of the City of New York.”
Clearly, if the plaintiff was properly suspended and convicted in the administrative hearing, he would not be entitled to the back pay herein sued for. If, on the other hand, plaintiff was improperly suspended and convicted, he is entitled to his back pay. In the latter instance it would be a gross injustice to require loss of pay because the personnel director failed or refused to certify any account or estimate containing plaintiff’s name. The failure so to certify is at the city’s risk not the plaintiff’s. Likewise, if this action is terminated in favor of the plaintiff, it does not matter that the police commissioner or personnel director of the city failed to place his name upon the police department payroll. The Third and Fourth proposed affirmative defenses are clearly insufficient and will not be allowed.
The Fifth proposed defense alleges that plaintiff requested various adjournments of the departmental hearing and the pro *1010 longation of Ms suspension without pay was solely by Ms own acts. TMs defense, too, is insufficient and will not be allowed. If a police officer is suspended and a departmental trial is scheduled, he is entitled to advance such defense as he may have. In preparing Ms defense, time may be an important ally. In any case, the adjournments requested were consented to by the Police Department and they cannot now be heard to complain.
W'e now come to the more serious aspect of the motions under consideration, viz., plaintiff’s motion for summary judgment.
The background of this case giving rise to the instant action is as follows: The plaintiff, a patrolman in the Police Department of the City of New York, was arrested on February 10, 1956, charged with felomous assault on one Frank Guilfoyle. At the time of Ms arrest he was examined by a department surgeon and found to be suffering from acute alcoholism. On the same day he was suspended without pay pending departmental charges. The suspension was pursuant to section 434a-20.0 of the New York City Administrative Code. The cause of his suspension was alleged to be overindulgence in intoxicating agent or agents and also his arrest charged him with felonious assault.
Section 434a-20.0 of the code provides as follows: ‘ ‘ Suspension of members of force — The commissioner shall have power to suspend, without pay, pending the trial of charges, any member of the force. If any member so suspended shall not be convicted by the commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension, notwithstanding such charges and suspension.”
Written charges and specifications were served on plaintiff on February 29, 1956. Prior to the departmental trial the charges and specifications were amended by dropping the charge of conduct unbecoming an officer and prejudicial to the good order and efficiency of the department and by further changing the wording of the specifications. One such change eliminated the word feloniously ’ ’ before the word assault ’ ’ in alleging the attack on Frank Guilfoyle.
The departmental trial was held on July 8, 1957 and plaintiff was found guilty of specification 1, viz., that wMle off duty, without cause, he assaulted one Frank Guilfoyle. On all the other specifications the finding was not guilty ”. The plaintiff was fined 30 days’ pay and placed on probation for one year.
The trial on the criminal charge of felonious assault resulted in the acquittal of plaintiff in the County Court of Kings County on or about June 10, 1957.
*1011 It is plaintiff’s contention here that at the time he was suspended no written departmental charges were in existence and his suspension was therefore unlawful and his salary could not therefore be withheld or, if the suspension was lawful, he was not convicted as charged by the police commissioner and as such he is entitled to his pay withheld during the period of suspension.
Plaintiff places great stress upon Brenner v. City of New York (12 Misc 2d 311) which is presently on appeal in this department. That case involved two groups of police officers charged with conspiracy to violate section 580 of the Penal Law. The conclusion in that case is based on facts entirely different from the instant case. Indeed, the court in that case recognized the necessity for immediate action on the part of the police commissioner in a case involving the public interest in the following language (p. 320): A police officer occupies a unique status in the maintenance of law and order in our community and an important position as an employee of the City of New York. The city is in many instances responsible for his conduct and behavior, at least while he is on duty. And, aside from that, the public interest might be seriously jeopardized if, notwithstanding that he himself is under arrest, the officer were allowed to continue to have police powers. I can conceive of circumstances that may arise which might require forthwith suspension.”
The plaintiff was suspended because of an alleged felonious assault upon a civilian, this charge later being amended to read an “ assault, without just cause ” upon the named civilian. After departmental trial, he was convicted of this charge. It is difficult to conceive of circumstances of a more serious nature than those presented here that would demand the suspension of police power immediately upon apprehension. The fact that written charges and specifications were 19 days later served on plaintiff is not prejudicial to plaintiff. He does not deny that he at all times knew the reason of his suspension nor does the code require written charges and specifications before suspension.
Plaintiff’s motion for summary judgment is denied and since this motion searches the record, summary judgment is granted to defendant.
Settle order and judgment.