## FIRST DEPARTMENT, NOVEMBER, 1959

### (November 2, 1959)

■ GUSTAVE B. GARFIELD, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al.— Motion to substitute the executor for deceased party granted on default, without costs. Properly, the motion should have been made at Special Term (*Campbell* v. *Friedlander,* 51 App. Div. 191; *Schwartz* v. *Seamon,* 178 Misc. 260). However, in view of the lack of opposition and the presence of the appeal on the calendar for November 6, 1959, the court, in its discretion, grants the motion. Concur— Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

### (November 4, 1959)

■ RICHARD J. O'NEILL, Appellant, v. CITY OF NEW YORK, Respondent.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur— Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ. [13 Misc 2d 1008.]

■ CARL N. BRENNER et al., Respondents, and EILEEN C. BLESSINGER, as Administratrix of the Estate of JOHN BLESSINGER, Deceased, et al., Appellants, v. CITY OF NEW YORK, Appellant-Respondent.— Order unanimously modified on the law to the extent of denying the motion for summary judgment made by the Brenner plaintiffs and granting summary judgment to the City of New York dismissing the complaint as to these plaintiffs, and otherwise affirmed, with $20 costs and disbursements to the defendant-appellant-respondent, the City of New York. We do not read section 434a–20.0 of the Administrative Code of the City of New York — which gives the Police Commissioner the power to suspend a member of the police force without pay " pending the trial of charges " — as requiring the filing of departmental charges before suspension. The statute is satisfied so long as departmental charges are filed within a reasonable time after suspension and a trial is thereafter held. Proper discipline of the police force demands a power of immediate suspension even before specific charges are formulated and served. A member of the force is sufficiently protected against an unauthorized or improper suspension by the other portions of section 434a–20.0 of the Administrative Code which provide that if the policeman suspended is not convicted by the Commissioner on the charges preferred, he will be entitled to full pay during the period of suspension. · We agree with Special Term that all of the plaintiffs in this action were so duly convicted of charges; thus they are deprived of the right to full pay during the period of suspension. However, as indicated, we would make no distinction between those plaintiffs suspended before formal charges were filed and those suspended after charges were preferred. Concur— Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ. [12 Misc 2d 311.]